Court of Appeals for the First Circuit is now in session. All persons having any business before this Honorable Court may give their attendance and they shall be heard. God save the United States of America and this Honorable Court. Court is in session. Today's cases will be called as previously announced and the times will be as allotted to counsel. The first case today is Sharif A. Roman v. United States, appeal number 22-1295. Attorney Meisner, please introduce yourself for the record and proceed with your argument. Good morning, Your Honor. It's Judith Meisner representing the appellant Sharif Roman. Good morning. My apologies. The issue in this case is whether Mr. Roman can be found to have knowingly used and carried a firearm during and in relation to a crime of violence, that is the murder of Jose. Do you wish any rebuttal time? I'm sorry to interrupt you. I do not. Okay, thank you. Sorry, please continue. The issue is whether he knowingly used and carried a firearm during and in relation to a crime of violence, that is the murder of Jose Mendez is charged in active racketeering to where culpability is based on vicarious liability. This was a case in which Mr. Roman's liability for murder rested on theories of Pinkerton liability for the actions of co-conspirators stemming from membership in a conspiracy or aiding and abetting. There was no allegation that Mr. Roman used the gun or was even at the site of the murder. The scope of a crime of violence has been progressively narrowed by the Supreme Court. In Johnson and Davis, the court held that the residual clauses of the Armed Career Criminal Act and this charge 924 C were unconstitutionally vague. And that the residual clause, which provided that a crime of violence could be established by actions having the potential for violence is a broader concept than the use of force, which is the provision that remains. In Taylor, the court held that attempt to commit a crime does not qualify as a crime of violence. And in Borden in 2021, the court held that there has to be a mens rea of more than recklessness to qualify as a crime of violence. So the court has over the years narrowed the scope of the crime of violence provision. The precedent on which Pinkerton liability for 924 C is based arose before these cases limiting liability occurred. And as the court instructed, Pinkerton or co-conspirator liability means the conspirator, co-conspirator may be guilty of an offense, even though he did not directly participate in the acts constituting that offense. A co-conspirator is responsible not only for his own acts, but also for the substantive acts of his co-conspirators are done in furtherance of the conspiracy and are reasonably foreseeable, a reasonably foreseeable result of that conspiracy. And suggest that given the narrowing, the breadth of Pinkerton liability in the narrowing of the scope of crime of violence, that this court should take a second look at whether Pinkerton liability is sufficient to establish a use of a firearm in connection with a crime of violence. In this case, the Miss Meisner, I want to be sure I understand your, your argument. Even though murder is a crime of violence, at least that's the law of this case. Are you saying that that if Roman was convicted of, of murder on the basis of Pinkerton liability, that he may be held not to have committed a crime of violence, even though he is lawfully found guilty of murder? Yes. And is that the argument that you made in the district court? Because I didn't, I didn't discern that when I read the proceedings in the district court, didn't discern that as being your argument. Well, I believe the argument in the district court was that Pinkerton, that co-conspirator liability was not sufficient to establish. The argument that was made in the district court was that, was that you couldn't tell from the record whether the predicate act here was murder or conspiracy to commit murder. And that conspiracy to commit murder was not a crime of violence. That's the argument, as I understood it, that was made in the district court. And indeed, I think the argument that was made in your brief in this court, but the argument that you've, you've embarked on this morning is a somewhat different argument. And frankly, novel in my, clever, but novel in my experience. But I'm less concerned with its novelty and more concerned with whether it can be said to be preserved. Well, I think that in, in arguing that conspiracy is not a crime of violence and that here the conviction could be based on a conspiracy theory, that, that does include the argument that where the murder conviction is based on conspiracy, on Pinkerton, which is conspiratorial liability, that that does not qualify as a crime of violence either. Well, with respect, I think they are two rather different arguments, but go ahead. And the jury's, the court's charge to the jury in this case left it plainly open for conviction on the basis of a 924C conviction based on conspiracy. The court's charge on the 924C count first told the jury to apply the instructions it had given in connection with a 924C charge addressing the murder of a different individual by different defendants. And the instructions given for the murder of Jose Mendez in connection with racketeering act two in count one and for count four, which were violent crimes in aid of racketeering murder. Then, so if you turned first to count 10, that instructed the jury to find that the defendant committed the crime of murder as charged in the indictment and that active employment of the firearm was required. The court also instructed that the murder charged in racketeering act one was as a matter of law, a crime of violence. And the court had defined a crime of violence as including both the force or elements clause and the residual clause, which at the time of trial, the residual clause had not been held to be unconstitutionally vague. In its instructions on racketeering act two, the court referred the jury to its instructions on racketeering act one as to both the conspiracy to murder and the murder allegations, including its aiding and abetting and co-conspirator liability instructions from racketeering act one. And it concluded its instructions on racketeering act two by stating, if you conclude that any of the defendants charged either aided and abetted another defendant or conspired to kill Jose Mendez, you may find him guilty of the murder of Jose Mendez, even though he did not physically participate in the murder or was not present at the murder scene. And in its conspiracy instructions in racketeering act one, the court charged that no action in furtherance of the conspiracy beyond the making of the unlawful agreement need occur for the crime of conspiracy to be committed. And it also, again, defined co-conspirator liability and aiding and abetting liability. The instructions on the Vicar count also told the jury to apply the instructions from counts one and two, which are the racketeering and racketeering conspiracy charges, in determining whether Mr. Roman had committed that crime, the crime alleged. So deliberating under the totality of these interlocking instructions, the jury could have convicted Mr. Roman of murder on the basis of involvement that did not constitute a crime of violence, but was simply conspiracy. Conviction of murder on the basis of co-conspirator liability did not require the use, attempted use, or threatened use of physical force by Mr. Roman. So in light of the fact that Mr. Roman could have been convicted on the basis of conspiratorial liability, you have a situation where there are two alternative theories, conspiratorial liability theory and aiding and abetting for murder, and without a unanimous jury verdict, without a requirement of unanimity as to a theory, which there was not here, there is no way of determining the basis on which the jury returned its verdict. Five minutes remaining. Five minutes. That suggests that that establishes harmless error under Brecht. The harmless error standard was described by the court in Davis, that under this test, relief is proper only if the federal court has grave doubt about whether a trial error of federal law had substantial and injurious effect or influence in determining the jury's verdict. It must be more than a reasonable possibility that the error was harmful. And I think that under the particular facts of this case, where there were so many conspiratorial alternatives, that a court should have grave doubt about the basis for the jury's verdict in this case. Could you address the categorical approach and what your position is as to whether the district court was right to apply a harmless error analysis or not? I agree that a harmless error analysis is appropriate. Okay. If there are no further questions, I'll rest on my brief. Thank you. Any further questions? Thank you, counsel. At this time, Attorney Meisner, you can go ahead and mute your audio and video. Attorney Zurier, please unmute your audio and video and introduce yourself on the record to begin. May it please the court, Lauren Zurier, representing the government, the appellee in this matter. To begin with, the argument that my sister just made is not exactly what I was anticipating based on the briefing and the district court's decision below. But in any case, this court has already decided that vicarious liability, a Pinkerton theory, can support conviction on 924C. Serrano Delgado, Hernandez-Román, Rodriguez-Santos all involve some version of a Pinkerton claim at some point. And I would suggest that that argument, even assuming it's preserved, doesn't have merit in this case. As far as the argument that because it is not clear what theory, whether aiding and abetting or Pinkerton, the jury decided we have to vacate the 924C conviction, there's no obligation for a jury to be unanimous on a theory of prosecution. And therefore, as long as the case passes the harmless error test under Brecht, the conviction can be affirmed. Here, both theories had substantial overlap. I can't look at the statement of facts here and say which facts would go only to aiding and abetting and which facts would go only to vicarious liability. It's very clear from this court's decision back in 1999, I think, that Mr. Román was involved in plotting the murder, but also in choosing the people who would commit the murder and in handing out the weapons. And he had advanced knowledge that they were going to use the weapons, even though he wasn't present at the scene. Those facts support both theories. And so I would say the petitioner hasn't established a reasonable probability that the outcome would have been any different had the jury only gone on aiding and abetting as opposed to Pinkerton. I would also call the court's attention to the first issue in this case, the first issue that the district court predicated its denial of the 2255 petition on, which presents an independent basis for affirming Mr. Román's conviction that this case was only about murder. I guess that there is now a concession here that this case is only about murder and this case isn't about two different felonies being predicates for 924, and it appears we're only dealing with one predicate but two different theories for supporting that predicate. That wasn't exactly what was argued below. It's not what was argued here, but to the extent it was, I think harmless error applies. And if the court has no questions for me, I think between the briefing and the citations to the record, I would point the court to my brief at page 41, note 24, where I provide some case citations for aiding and abetting and Pinkerton liabilities still remaining live theories even after Davis. I would rest on my brief as well and ask that you affirm the denial of the petition. Thank you. Thank you, Counsel. That concludes argument in this case. Attorneys for this case are excused and they can disconnect from the meeting at this time.